IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RECOG IP LLC,** <br> *Plaintiff,* <br><br> v. <br><br> **SEPHORA USA, INC.,** <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 6:23-CV-00324-ADA-DTG |

**CLAIM CONSTRUCTION ORDER FOR U.S. PATENT NO. 7,296,062**

Before the Court are the Parties' claim construction briefs: Defendant Sephora USA, Inc.'s Opening Claim Construction Brief (ECF No. 15), Plaintiff RECOG IP LLC's Responsive Claim Construction Brief (ECF No. 16), Defendant's Reply Claim Construction Brief (ECF No. 19), Plaintiff's Sur-reply Claim Construction Brief (ECF No. 20), and the Joint Claim Construction Statement (ECF No. 21). On March 7, 2024, the Court provided the parties with its Preliminary Claim Constructions, and on March 8, 2024, the Court held a Markman hearing. ECF No. 25 (Minute Entry). And on March 8, 2024, the Court issued an order memorializing its final constructions. ECF No. 26. This Order does not alter any of those constructions. The Court issues this more-detailed Order to explain its analysis.

      I.  **DESCRIPTION OF THE ASSERTED PATENT**

U.S. Patent No. 7,296,062 ('062 Pat.), entitled "Method for Generating a Presentation for Re-Locating an Information Page that has Already Been Called," issued on November 13, 2007, based on an application filed on March 28, 2002. Defendant described the filing date as the "early Internet days." Rough Tr. 3/8/24 Hrg. at 12:9–10. The patent addresses the problem of finding an internet page after a user has viewed and exited it. The patent does so by generating a presentation for the relocation of the information page. The patent generally requires communication between

1

the user computer and the vendor server. Plaintiff argues that the invention overcomes a problem with the prior art "back button" in that a user of this patent would not be required—as in the prior art—to click through to go back to earlier pages without knowing what the earlier ones are. ECF No. 16 at 1; ECF No. 20 at 7; Rough Tr. 3/8/24 Hrg. at 46:9–17.

## II. LEGAL STANDARD

A key dispute in this case is whether the claim's preamble is a limitation. "[A] preamble limits the invention if it recites essential structure or steps, or if it is 'necessary to give life, meaning, and vitality' to the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (quoting *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999)). The Federal Circuit has provided some guideposts regarding whether the preamble is limiting. These guideposts include the following: (1) whether the preamble provides antecedent basis for a claim term, (2) whether the preamble is essential to understand limitations or terms in the claim body, (3) whether the preamble recites additional structure or steps that the specification has identified as important, and (4) whether the patentee clearly relied on the preamble to overcome prior art during prosecution. *Id.*; *Parkervision, Inc v. LG Elecs., Inc.*, No. 21-cv-520, 2022 WL 2240465, at *6 (W.D. Tex. June 21, 2022) (finding a portion of the preamble not limiting, but the rest limiting).

The starting point for claim construction is plain and ordinary meaning. Claim terms are generally given their plain-and-ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*); *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) (stating that "[t]here is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time." (internal quotation marks omitted)), *vacated on other grounds*, 575 U.S. 959, 959 (2015). The plain-and-ordinary meaning of a term is

the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Phillips*, 415 F.3d at 1313; *Datanet LLC v. Dropbox, Inc.*, No. 22-cv-1142, 2023 WL 7545234, at *1 (W.D. Tex. Nov. 10, 2023).

Under the doctrine of claim differentiation, a court presumes that each claim in a patent has a different scope. *Datanet v. Dropbox*, 2023 WL 7545234, at *2 (citing *Phillips*, 415 F.3d at 1314–15). The theory of claim differentiation is that limitations included in dependent claims creates a presumption that the independent claim is not similarly limited. *Phillips*, 415 F.3d at 1314–15.

### III.  ANALYSIS

#### A. Term 1: Preamble

| Term | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| #1: "A method for generating a presentation for re-locating an information page that has been called, via a network selected from the group consisting of the Internet, an intranet, and an extranet, from a home page of an information vendor having a vendor server and which has subsequently been exited, comprising the steps of:"<br><br>U.S. Patent No. 7,296,062, Claim 1 | The preamble is not a limitation. To the extent it is held to be a limitation, the term should be accorded its plain and ordinary meaning. | The preamble is limiting. |

Defendant argues that the preamble is limiting. Defendant argues that the reference to a "vendor server" within the preamble is an antecedent basis for the claimed method because the first, second, and third limitations on the method in the body of Claim 1 recite "said vendor server." *See* '062 Pat. at 6:27, 29, 30, 33, 37, 39. Defendant also argues that the preamble is essential for

3

understanding the claim because only in the preamble does claim 1 recite the source of "information pages"—that is, that the required communication between the user computer and the vendor server is "via a network selected from the group consisting of the Internet, an intranet, and an extranet." ECF No. 19 at 2; Rough Tr. 3/8/24 Hrg. at 8:11–20. Defendant points to the July 24, 2006 Office Action Response to the applicant adding "having a vendor server" to the preamble as an antecedent basis for "said vendor server" in the body of the claim. ECF No. 15 at 2–3. Defendant adds that in the Office Action Response, the Examiner stated that the applicant overcame a prior art reference by adding this language because such reference "does not provide any teachings regarding storage (or non-storage) of information at a vendor server." ECF No. 15-1 at 6. Plaintiff responds that the preamble is not limiting. Plaintiff argues that the term "vendor server" was added to the claim to overcome a 35 U.S.C. §112 rejection, not a prior art rejection. ECF No. 16 at 7.

  The Court finds that the preamble is limiting. The analysis in a previous claim construction order from a separate case is relevant here. Previously, this Court issued claim constructions on the same patent and claim (claim 1). *Recog IP, LLC v. Macy's, Inc.*, No. 21-cv-1260, ECF No. 26 (W.D. Tex. Aug. 26, 2022) (claim construction order). While not including a detailed analysis, the Court held that the same preamble that is at issue here, is limiting. *Id*. The Court is persuaded by the evidence that the preamble was amended in light of an Office Action to address previous rejections of Claim 1 in which the Examiner stated the Claim had not satisfied the "written description" requirement of 35 U.S.C. § 112, and was unpatentable under 35 U.S.C. § 103(a) over prior art.  ECF No. 15-1 at 4, 5–6 (remarks in Office Action). The Court is also persuaded that the "vendor server" in the preamble provides the necessary antecedent basis for "said vendor server" as recited in the body of the claim. This is similar to the Court's previous statements regarding the same claim. *See Recog IP v. Macy's*, No. 21-cv-1260, ECF No. 29 at 11:15–24 (transcript of

Markman Hearing held on August 11, 2022). For those reasons, the Court finds that the preamble is limiting and that it is necessary to breathe "life . . . to the claim." *Catalina Mktg.*, 289 F.3d at 808.

B.  **Term 2: "generating a displayable presentation"**

| Term | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| #2: "generating a displayable presentation"<br><br>U.S. Patent No. 7,296,062, Claim 1 | Plain and ordinary meaning. | "generating a graphically illustrated sequence of information" |

Defendant argues that the claimed "displayable presentation" must be "graphically illustrated." ECF No. 15 at 8. Defendant argues that each preferred embodiment graphically illustrates the sequence of internet pages. *Id.* Plaintiff responds that this term should be accorded its plain and ordinary meaning. Plaintiff argues that Defendant's proposed construction improperly limits the construction to preferred embodiments. ECF No. 20 at 4. Plaintiff argues that the term—"generating a displayable presentation"—is already limited to "visually identifies a sequence of said information pages" by the existing claim language that follows the term. Therefore, Plaintiff argues that Defendant's construction is superfluous because it would construe the second limitation of Claim 1 as beginning with: "at said vendor server only temporarily generating a <u>graphically illustrated sequence of information</u>, for display at said user computer *which visually identifies a sequence of said information pages*." (underline showing Defendant's proposed claim language, italics added for emphasis). ECF No. 16 at 9. Additionally, Plaintiff argues that Defendant's construction is flawed under the doctrine of claim differentiation. Dependent Claim 2's limitation includes "said sequence being graphically identified," which Plaintiff argues is

5

superfluous to Defendant's construction of the disputed term in Claim 1: "generating a graphically illustrated sequence of information." ECF No. 16 at 9–10.

The Court agrees with Plaintiff that this term should be accorded its plain and ordinary meaning. Defendant's proposed construction is overly narrow as evidenced by the non-binding embodiments found elsewhere in the patent that mirror Defendant's construction. For example, the summary of the invention specifically reciting that "a preferred embodiment" is "the sequence of the called information pages being graphically characterized in the presentation" is reciting essentially what Defendant argues should be the meaning of the claim itself. *See* '062 Pat. at 2:42–45. The Court finds support that this preferred embodiment is non-binding in light of the fact that, elsewhere in the patent, the invention is described in broader terms than in that one preferred embodiment. *Id.* at 2:17–28, 2:30–35, 5:17–20. The Court is also persuaded that this term is comprised of words that have widely accepted and common meanings, which makes further construction unnecessary. *Phillips*, 415 F.3d at 1314. The Court holds that "generating a displayable presentation" should be given its plain and ordinary meaning.

C. **Term 3: "re-locating an information page that has been called"**

| Term | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| #3: "re-locating an information page that has been called"<br><br>U.S. Patent No. 7,296,062, Claim 1 | Plain and ordinary meaning. | "navigating a path back to an information page that has been called" |

This is a term that appears within the preamble (discussed above). Defendant stated that if the preamble was not limiting, the term would not need to be construed. Rough Tr. 3/8/24 Hrg. at

35:13–18. Because the Court finds the preamble to be limiting, the Court proceeds to discuss the construction of this term.

Defendant contends that the claimed invention must display a path rather than simply display a destination. Defendant argues that this is the "entire purpose" of the patent, and that Defendant's construction is consistent with this. ECF No. 15 at 10. Plaintiff argues that this term should be accorded its plain and ordinary meaning. This term is in the preamble and in that context, the preamble only recites a "method for generating a presentation for," while Defendant's construction would require the additional step of actually re-locating information by navigating a path. ECF No. 16 at 13.

The Court begins its analysis by noting that Defendant only contests the meaning of the word "re-locating." Defendant's proposed construction simply replaces the phrase "re-locating" with "navigating a path back to." The Court agrees with Plaintiff that re-locating has a common, widely understood meaning and does not need further construction. Rather, it should be accorded its plain and ordinary meaning. As noted during oral argument and the briefing, Defendant's proposed construction inserts the term "navigating," which appears nowhere in the specification and only adds uncertainty and potential limitations to the claim. *See* Rough Tr. 3/8/24 Hrg. at 38:5–8 (confirming with Defendant that the word "navigating" does not appear anywhere in the patent except in the title of one prior art reference). There is insufficient basis to overcome the presumption that this term should be accorded its plain and ordinary meaning. The Court holds that "re-locating an information page that has been called" should be given its plain and ordinary meaning.

**D. Term 4: "registering information pages of said information vendor called by said user directly and indirectly proceeding from the home page"**

7

| Term | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| #4: "registering information pages of said information vendor called by said user directly and indirectly proceeding from the home page"<br><br>U.S. Patent No. 7,296,062, Claim 1 | Plain and ordinary meaning. | "registering each information page of said information vendor that is called by said user, regardless of whether the information page is called directly or indirectly from the home page" |

Defendant argues for its proposed construction based on its reading of the patent that all embodiments disclosed in the specification require all pages to be registered. Rough Tr. 3/8/24 Hrg. at 49:6–50:9. Defendant further argues that each page must be registered in order to re-locate and cycle through to any previous information, as part of a computational data structure of a directed tree. *Id.* at 42:25–43:18, 49:6–50:9. Defendant argues that its construction ensures that the history of all information pages is not deleted. ECF No. 15 at 13.

Plaintiff argues that the term should be given its plain and ordinary meaning. Plaintiff argues that Defendant's added requirements would result in an information page being registered twice if a user went back to visit a page, but that such second registration would not be helpful. Rough Tr. 3/8/24 Hrg. at 45:13–46:8. Plaintiff adds that the specification does not recite that each page is saved as long as the sequence in which the user visits information pages is saved. Plaintiff also adds that a dependent claim in which the user can prohibit or delete a registered page would be improperly barred if Defendant's construction was adopted by the Court. Rough Tr. 3/8/24 Hrg. at 48:5–15. Plaintiff concludes that Defendant's proposed requirements have no support in the specification. ECF No. 16 at 18; Rough Tr. 3/8/24 Hrg. at 48:22–49:3.

The Court agrees with Plaintiff that this term should be accorded its plain and ordinary meaning. Defendant's construction re-writes the term by injecting limitations that have no support except for in non-binding preferred embodiments. Defendant inserts the phrases "each," "that is,"

8

and "regardless of whether the," and Defendant changes the word "and" to "or." This substantial rewriting of the claim term would require a very selective reading of preferred embodiments into the claims. The Court is unpersuaded that the inclusion of "each" is required "or else the patentee would not have required that the pages be those 'called . . . **directly and indirectly**.'" ECF No. 15 at 12 (emphasis in original). This appears to be an improper attempt to incorporate some embodiments into the claim as new limitations. The Court finds no justification in the specification or file history for such a rewriting of the claim. The Court affords this term its plain and ordinary meaning.

## IV.  CONCLUSION

In conclusion, for the reasons described herein, the Court adopts the below constructions as its final constructions.

**IT IS SO ORDERED.**
**SIGNED** this 22nd day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

**U.S. PATENT NO. 7,296,062—DISPUTED TERMS**

| | **Claim Term** | **Claim(s)** | **Plaintiff's Proposal** | **Defendant's Proposal** | **Court's Final Construction** |
|---|---|---|---|---|---|
| 1 | "A method for generating a presentation for re-locating an information page that has been called, via a network selected from the group consisting of the Internet, an intranet, and an extranet, from a home page of an information vendor having a vendor server and which has subsequently been exited, comprising the steps of:" | (claim 1) | The preamble is not a limitation. To the extent it is held to be a limitation, the term should be accorded its plain and ordinary meaning. | The preamble is limiting. | The preamble is limiting.<br><br>The terms in the preamble are accorded their plain and ordinary meaning. |
| 2 | "generating a displayable presentation" | (claim 1) | Plain and ordinary meaning. | "generating a graphically illustrated sequence of information" | Plain and ordinary meaning |
| 3 | "re-locating an information page that has been called" | (claim 1) | Plain and ordinary meaning. | "navigating a path back to an information page that has been called" | Plain and ordinary meaning |

| | Claim Term | Claim(s) | Plaintiff's Proposal | Defendant's Proposal | Court's Final Construction |
|---|---|---|---|---|---|
| 4 | "registering information pages of said information vendor called by said user directly and indirectly proceeding from the home page" | (claim 1) | Plain and ordinary meaning. | "registering each information page of said information vendor that is called by said user, regardless of whether the information page is called directly or indirectly from the home page" | Plain and ordinary meaning |